IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICIA MARIE FLUKER, Independent Administratrix of the Estate of JULIE ANNE BENTLEY ANDERSON, Deceased, On Behalf of Said Estate,<br><br>    *Plaintiff*,<br><br>v.<br><br>MARK ANDERSON, AETNA LIFE INSURANCE COMPANY, AND THE BOEING COMPANY, Individually and as Agent for AETNA LIFE INSURANCE COMPANY,<br><br>    *Defendants*. | Civil Case No. 4:06-cv-3394 |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are Plaintiff's Motion to Remand (Doc. 24); Defendant Mark Anderson's Response to Plaintiff's Motion to Remand (Doc. 34); Defendant Aetna Life Insurance Company's Response and Brief in Opposition to Plaintiff's Motion to Remand (Doc. 36); and Defendant The Boeing Company's Response to Plaintiff's Motion to Remand (Doc. 37). Upon review and consideration of these documents, as well as the relevant legal authority, the Court hereby ORDERS that Plaintiff's Motion to Remand (Doc. 24) is DENIED.

I.      Background and Relevant Facts

On August 28, 2006, Plaintiff Patricia Marie Fluker, Independent Administratrix of the Estate of Julie Anne Bentley Anderson, Deceased, On Behalf of Said Estate, ("Fluker") filed suit in Probate Court Number Two of Harris County, Texas to recover life insurance benefits from a group insurance policy issued by Defendant Aetna Life Insurance Company ("Aetna") and maintained by The Boeing Company ("Boeing") (Doc. 1). The decedent, Julie Anne Bentley Anderson ("J. Anderson"), worked for Boeing and was covered under this group insurance policy as

a benefit of her employment. J. Anderson's ex-husband, Defendant Mark Anderson ("M. Anderson"), was the sole beneficiary of this life insurance policy. After J. Anderson's death on September 1, 2004, Aetna paid the benefits of this life insurance policy to M. Anderson. Fluker claims that the life insurance proceeds should have been paid to J. Anderson's estate, as M. Anderson waived his rights to these proceeds as a result of the divorce decree he and J. Anderson entered into on December 22, 2003. As a result, Fluker asserted claims for violations of the Texas Deceptive Trade Practices – Consumer Protection Act and the Texas Insurance Code, as well as for negligence and conversion. Ultimately, Fluker seeks the recovery of the life insurance proceeds that she asserts were wrongfully paid to M. Anderson.

On October 27, 2006, Boeing filed a Notice of Removal (Doc. 1) with this Court claiming federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 29 U.S.C. § 1132(e)(1) over claims for benefits under the Employee Retirement Income Security Act ("ERISA"). Subsequently, on March 31, 2007, Fluker filed her First Amended Original Complaint (Doc. 13) in which she added a claim under ERISA against both Aetna and Boeing. On November 5, 2007, Fluker filed a Motion to Remand (Doc. 24) claiming that this Court lacks subject matter jurisdiction under the probate exception.

II.        Legal Standard on the Probate Exception

Authority from both *Markham v. Allen*, 326 U.S. 490 (1946) and *Marshall v. Marshall*, 547 U.S. 293 (2006) is instructive on the probate exception to federal jurisdiction. In *Markham*, the Supreme Court found that federal courts have jurisdiction "to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946).

More recently, in *Marshall*, the Supreme Court held that the probate exception to federal jurisdiction should be construed narrowly, and that, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 296 (2006). The Court further held that the probate exception does not restrict federal courts from adjudicating claims outside those confines listed above and otherwise within federal jurisdiction. *Id* at 296.

III.      Analysis

In the instant case, this Court is not being asked to probate a will, administer an estate or dispose of property that is in the custody of a state probate court. Rather, this case was brought in order to recover life insurance proceeds that were paid to J. Anderson's ex-husband, M. Anderson. These proceeds passed from Aetna to M. Anderson outside of J. Anderson's estate. Furthermore, Probate Court Number Two of Harris County, Texas never had custody of these proceeds.

Because the probate exception does not apply to the facts of the present case, this Court has authority to adjudicate it under both federal question jurisdiction in accordance with 28 U.S.C. § 1331, as well as under specific jurisdiction in accordance with 29 U.S.C. § 1132(e)(1) over a claim for benefits under ERISA.

IV.      Conclusion

Plaintiff's Motion to Remand (Doc. 24) this case for lack of subject matter jurisdiction under the probate exception must fail. For the reasons stated above, the probate exception is not applicable as the Court is not being asked to probate a will, administer an estate or dispose of property that is in the custody of a state probate court. The Court is being asked to adjudicate a matter that arises under federal law. Accordingly, the Court has jurisdiction to hear this case, and the Plaintiff's Motion to Remand (Doc. 24) is hereby DENIED.

- 4 -

SIGNED at Houston, Texas, this 10th day of January, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE